UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RISA STEGALL, )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>NANCY A. BERRYHILL, Acting )<br>Commissioner of the Social Security )<br>Administration, )<br>)<br>    Defendant. ) | No. 14 C 178<br><br>Judge Dow |

## DEFENDANT'S MOTION IN LIMINE TO ADMIT
## EVIDENCE REGARDING PLAINTIFF'S PHYSICAL EXAMINATION

Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, by her attorney John R. Lausch, Jr., United States Attorney of the Northern District of Illinois, moves the court to allow her to admit evidence concerning a physical evaluation that plaintiff Risa Stegall underwent at the Hines VA in 2015. In support of its motion, SSA states as follows:

  1.  Stegall alleges that SSA violated the Rehabilitation Act by declining to offer Stegall a customer service position because she had a physical disability; specifically, a back condition that Stegall alleges she mentioned to SSA's district manager at her May 2010 job interview. Stegall asserts that she is "disabled" because she experiences back pain that precludes her from either sitting or standing for unidentified periods of time. SSA contests Stegall's assertion and disputes that Stegall had a disability. SSA's motion seeks to admit evidence created when Stegall applied for another job with the Department of Veterans Affairs and had a physical examination that included an evaluation of Stegall's back. This evidence is relevant to the dispute over whether Stegall was disabled when she applied for the SSA position.

2. Stegall applied for an internship position with a VA office in Long Beach, California, in July 2015. The nature of the job was sedentary office work, similar to the SSA customer service position that is at the heart of this dispute. The SSA customer service position, for example, involved communicating information orally to members of the public; performing clerical tasks on a computer; and writing correspondence. Ex. 1 (SSA 000667-71). The VA position description, likewise, described the job as "sedentary" and stated it involved developing clinical reports, attending meetings, and becoming familiar with the strategic goals of VA working groups. Ex. 2 (STEGALL02105-12). Stegall applied for the position, interviewed with the VA, and received a job offer in late July 2015. Stegall declined the job offer one month later, asserting that she had not recovered from hip replacement surgery.

3. After the VA extended Stegall the job offer, Stegall submitted to a physical examination by physician's assistant Timothy Newcomb at the Hines VA. Stegall had her VA physical about a month after her hip replacement surgery, and Stegall testified that the hip replacement surgery impeded her mobility to the point where she was not able to work. Ex. 3 (transcript of R. Stegall deposition 7/27/17) at 26:4-12, 86:25-88:18. Thus, one could expect that, based on Stegall's stated rationale for rejecting the VA offer, any alleged disabling medical conditions would have been more pronounced in 2015 than in 2010 when Stegall interviewed at SSA.

4. When Stegall went to her physical, she executed a certificate of medical examination certifying that she "did not have any medical disorder or physical impairment which would interfere in any way with the full performance of her duties."[1] Ex. 4

---

[1] Although the certificate Stegall signed did not identify her specific job duties, Stegall knew what position she had applied for at the VA.

2

(VASTEGALL000061-67) at VASTEGALL00063. Newcomb examined Stegall and observed that Stegall was a "zero" on a zero-to-ten pain scale and that the only medication she was taking was vitamins. Exhibit 5 (VASTEGALL000072-73). Newcomb also conducted a review of systems, which included an evaluation of Stegall's back. That review revealed no abnormalities or disabling medical conditions. *Id*. Newcomb concluded Stegall has "no limiting conditions for this job," the requirements of which included having to stand or walk for at least one hour at a time. Exhibit 4 at VASTEGALL00062. Stegall likewise acknowledged that she passed the physical. Exhibit 3 at 78:10-80:7.

5. SSA therefore seeks to introduce Stegall's executed medical certification and Newcomb's treatment note, as well as call Newcomb as a witness at trial to discuss his physical examination and findings.

6. Stegall objects to the admissibility of the physical examination on grounds that, for a Rehabilitation Act claim, disability is determined at the time of the alleged discriminatory action. Here, Stegall interviewed for SSA's customer service position in May 2010, more than five years before Stegall had her physical at the VA. Newcomb's examination, however, is relevant to the question of whether Stegall had any disabling lower back condition when SSA declined to hire her. *See* Fed. R. Evid. 401 (evidence is relevant if it makes any consequential fact more or less probable). Evidence of Stegall's medical examination clears that bar: "There can be no doubt that medical evidence from a time subsequent to a certain period is relevant to a determination of a claimant's condition during that period." *Halvorsen v. Heckler*, 743 F.2d 1221, 1225 (7th Cir. 1984) (reversing administrative law judge for refusing to consider medical records created between 1966 and 1980 to assess a claimed disability onset date of 1965); *see Bird v. Commisioner of Social Security Administration*, 699 F.3d 337, 340-41 (4th Cir. 2012) (administrative law judge should

have considered medical records from 2006-07 in evaluating disability claimed to have begun in 2001).

7. Stegall does not argue that her alleged disability was transient or that it had improved between 2010 and 2015. On the contrary, she testified her back was worse in 2015 than in 2010 when she interviewed at SSA. Ex. 6 (transcript deposition R. Stegall 6/10/15) at 51:18-52:8. Stegall may argue at trial that the VA's physical examination occurred in 2015, and the jury will determine how much weight to give the evidence in assessing whether Stegall has met her burden of proving that she suffered from a disability in 2010. The passage of time is not alone a sufficient basis for excluding the evidence entirely, particularly when Stegall characterizes her back condition as a permanent disability that required a workplace accommodation from SSA.

8. To place the VA's physical examination in context for the jury, SSA designated 64 lines of deposition testimony from VA employee Linda Swan that described limited aspects of the VA job application process and identified the VA job posting as an exhibit. Ex. 7. To avoid any undue confusion, the jury should have some understanding of why a VA witness is testifying about a physical exam that he performed at the VA. Although Stegall turned down the VA's job offer, SSA does not need to advise the jury of this fact at the upcoming trial, because the court will adjudicate SSA's failure-to-mitigate defense at a post-trial proceeding if Stegall prevails on the issue of liability.

9. Stegall has indicated she plans to object to introduction of Swan's testimony as unduly prejudicial since it may reveal Stegall experienced a period of unemployment following SSA's decision not to hire her. To address that concern, SSA proposed a stipulation (attached hereto as Exhibit 8) as an alternative to presenting the Swan deposition designation. The proposed stipulation does not suggest that Stegall was unemployed, and Stegall is free to suggest the

inclusion of additional language to address her concern in this regard. In addition, pursuant to Pattern Jury Instruction 1.09, Stegall could also propose a limiting instruction directing the jury not to draw any inferences about Stegall's post-2010 job history.

WHEREFORE, defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, requests that the court grant its motion *in limine* to admit evidence of plaintiff Risa Stegall's physical examination.

        Respectfully submitted,

        JOHN R. LAUSCH, Jr.
        United States Attorney

    By: s/ Michael J. Kelly
        ERIN E. KELLY
        MICHAEL J. KELLY
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-3500
        erin.kelly@usdoj.gov
        michael.kelly@usdoj.gov