UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RISA STEGALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 178 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | Judge Dow |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO
<u>ADMIT EVIDENCE REGARDING PLAINTIFF'S PHYSICAL EXAMINATION</u>**

To prevail in her Rehabilitation Act suit, Risa Stegall must prove that she was disabled and that SSA declined to offer her employment because of her claimed disability, a back injury. SSA seeks to introduce evidence of a 2015 physical examination of Stegall because it is relevant to whether Stegall was disabled at the time she applied for a job at SSA in 2010. That 2015 examination, which followed a job offer made by the VA to Stegall, detected no back issues and concluded that Stegall suffered from no impairments that would limit her ability to do the job for which she had applied. Stegall seeks to exclude this same evidence. Dkt. 104. The court should grant SSA's motion (and deny Stegall's) because a host of courts have recognized that subsequent medical examinations are relevant to assessing whether a claimed disability existed at an earlier time. Stegall's theory against relevance—Stegall's disability was temporary, so may have receded by the time of 2015 physical examination—fails because it contradicts Stegall's own testimony that her back condition has worsened since the 2010 SSA interview.

SSA cited social security disability benefits (SSDI) cases for the proposition that courts regularly find subsequent medical examinations relevant to whether a medical condition existed at an earlier date. Dkt. 102. Stegall attempts to distinguish these decisions on grounds that the standard for evaluating disability is different under the Rehabilitation Act than in SSDI cases. Dkt. 113 at 11-12. That is a red herring. SSA is not citing these cases for the disability standard they apply but for the more general proposition that later-created medical evidence can be relevant to assessing claims of disability for prior periods. This approach is proper: "although the regulatory scheme and standard on review are different in Social Security cases, the reasoning of these cases also provides support for the general principle that later medical evidence can be relevant." *Reilly v. Office of Pers. Mgmt.*, 571 F.3d 1372, 1381 (Fed. Cir. 2009) (relying on SSA cases in deciding evidentiary issue in Merit Systems Protection Board case about whether claimant was disabled at the time of resignation).

The cases that have recognized that subsequent medical examinations can be relevant to assessing the existence of prior medical conditions are legion because it "is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). Indeed, where a court excludes evidence of subsequent medical examinations in a case where the existence or extent of a prior medical condition is disputed, it risks reversal. *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997) (finding court's decision to exclude evidence of subsequent medical examinations was error and reversing jury verdict in excessive force case).

Stegall stakes her argument against the relevance of subsequent medical examinations on her observation that "even temporary impairments" may be disabilities, so that "even if the SSA could show that Plaintiff was not disabled in 2015, that would be utterly irrelevant to the

dispositive question of whether she was disabled at the time of her 2010 SSA interview." Dkt. 113 at 12. This line of argument rests on an unstated assumption: *Stegall*'s disability was temporary or receded in the period from 2010 to 2015, to the point where it was no longer detectable at the 2015 examination. But Stegall herself has repeatedly contradicted this characterization. As SSA pointed out in a response brief to Stegall's motion *in limine*, Stegall testified that her back condition had *worsened* since the 2010 SSA interview. Dkt. 110 Ex. 5 at 169. Likewise, Stegall submitted an application for SSDI that stated her back problems began in March 2009 then became severe enough to keep her from working by May 2014. Ex. 1 (SSA disability report). In the same disability application process, Stegall stated that her back injury "has gotten worse" since her time in the military." Ex. 2.

Furthermore, Stegall said in her sworn EEOC rebuttal affidavit that she told SSA during Stegall's job interview that her back injury was "current and permanent," which is a reason why Williams did not hire her. Stegall testified, "Ms. Williams is aware of my disability and my being in vocational rehabilitation. *She specifically knows it was current and permanent, because I mentioned it to her*." Ex. 3, ¶ A18 (emphasis supplied). SSA is entitled to show that Stegall's alleged statement to Williams that her injury was "permanent" lacks credibility because Stegall told a medical provider, outside the context of litigation, that she felt fine and did not have any limitations on her ability to work.

Stegall's description of her back injury has been clear and consistent: it is a permanent injury that has worsened over time and specifically worsened from the period from 2010 to 2015. Since Stegall herself has never characterized her back condition as a temporary condition or a condition that improved over time, Stegall's counsel's effort to diminish the relevance of the 2015 examination on these grounds fails. The evidence before the court is Stegall's statements and

3

testimony, including the statements that she made under oath. An attorney's wholly subjective recharacterization of Stegall's medical condition is not a basis for denying SSA's motion. By virtue of Stegall's own characterization of her injury, the 2015 back examination is relevant to determining whether Stegall was disabled in 2010.

## Conclusion

For the foregoing reasons, the court should grant SSA's motion *in limine* regarding the 2015 medical examination and deny plaintiff Risa Stegall's motions *in limine* on the same topic.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Michael J. Kelly
    ERIN E. KELLY
    MICHAEL J. KELLY
    Assistant United States Attorneys
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-3500
    erin.kelly@usdoj.gov
    michael.kelly@usdoj.gov